# EXHIBIT B

ЛЗ
10|3|25

Receipt Number: 1044966
Tracking Number: 74550517

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202572019

| | |
|---|---|
| PLAINTIFF: GOMEZ, LUIS | In the 333rd Judicial |
| vs. | District Court of |
| DEFENDANT: STATE FARM LLOYDS | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE CO

211 E 7TH ST STE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on September 24, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 29, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: KERRYLONE ASBERRY

Issued at request of:
WALKER, ERIK
7500 RIALTO BLVD.
AUSTIN, TX  78735
281-630-6079
Bar Number: 00792104

Tracking Number: 74550517

CAUSE NUMBER: 202572019

| | |
|---|---|
| PLAINTIFF: GOMEZ, LUIS | In the 333rd |
| vs. | Judicial District Court |
| DEFENDANT: STATE FARM LLOYDS | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock _____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____

_____ of _____

County, Texas

_____         By: _____
        Affiant                                          Deputy

On this day, _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
                Notary Public

Receipt Number: 1044966
Tracking Number: 74550517

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202572019

| | |
|---|---|
| PLAINTIFF: GOMEZ, LUIS | In the 333rd Judicial |
| vs. | District Court of |
| DEFENDANT: STATE FARM LLOYDS | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE CO

211 E 7TH ST STE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on September 24, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 29, 2025.

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: KERRYLONE ASBERRY

Issued at request of:
WALKER, ERIK
7500 RIALTO BLVD.
AUSTIN, TX  78735
281-630-6079
Bar Number: 00792104

Tracking Number: 74550517

CAUSE NUMBER: 202572019

| | |
|---|---|
| PLAINTIFF: GOMEZ, LUIS | In the 333rd |
| vs. | Judicial District Court |
| DEFENDANT: STATE FARM LLOYDS | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____          _____

                              _____ of _____

County, Texas

_____     By: _____
          Affiant                               Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____.

                              _____
                                   Notary Public

9/24/2025 2:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106028016
By: Kerrylone Asberry
Filed: 9/24/2025 2:13 PM

Cause No. _____

| | | |
|---|---|---|
| **LUIS GOMEZ AND RHONDA GOMEZ,** | § | **IN THE JUDICIAL DISTRICT** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **\_\_\_\_ DISTRICT COURT** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Luis Gomez and Rhonda Gomez ("Plaintiffs"), bring the following claims for relief

against defendant, State Farm Lloyds (Hereafter, "State Farm" and/or "Defendant").

### I.

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend that discovery be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure.

### II.

### PARTIES

2.     Plaintiffs are both citizens of the State of Texas.

3.     State Farm Lloyds ("State Farm") is an unincorporated association of underwriters, all

of whom are citizens of the State of Illinois. State Farm may be served with process by serving its

registered agent for service of process, Corporation Service Co.; 211 E 7th ST Ste 620; Austin, TX

78701-3218.

## III.

## JURISDICTION & VENUE

4.      Personal jurisdiction exists, and venue is proper, in the county of suit because the real property at issue is located in the county of suit. Furthermore, all or a substantial part of the causes of action accrued in the county of suit.

## IV.

## RULE 47 STATEMENT

5.      Plaintiffs seek only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

## V.

## FACTS

6.      Hurricane Beryl was one of the most destructive storms to strike the continental United States in recent years. After already making landfall twice, Beryl struck southeastern Texas on July 8, 2024, with sustained winds of 90 miles per hour and gusts much higher. The damage it caused was overwhelming. In South Texas alone, Beryl caused millions to lose power, spawned countless tornadoes, and caused deaths throughout the region. The hurricane ripped entire roofs off homes and damaged other roofs beyond repair. The storm even punctured a hole in the roof of the seemingly indestructible NRG Stadium, the giant arena featuring games of the Houston Texans NFL team.

7.      Plaintiffs were among those whose homes unfortunately lay directly in the hurricane's destructive path. Beryl ripped their home to shreds. The cyclone destroyed the roof, damaging it beyond repair. The hurricane damaged other areas of the home. The devastation to the roof caused substantial internal damage from wind and rain.

2

8.    Defendant sold plaintiffs an insurance policy on their home with Policy 53-GOM4807 ("Policy"). At all relevant times, that policy provided coverage for the losses at issue. Immediately upon discovering the damage at issue – damage that occurred on or around July 8th, 2024 – plaintiffs filed a claim with defendant, which was assigned Claim No. 5370K321D ("Claim"). After a wholly pretextual, outcome-driven investigation of the Claim, defendant refused to pay the monies owed. Defendant erroneously concluded that a tiny fraction of what was actually owed should be paid.

9.    Defendant's serious undervaluing of the Claim was in bad faith. One of defendant's modus operandi when catastrophic storm events like this occur is to find some plausible way of claiming damage is nonexistent or cosmetic and hence the cost of repair or diminution in value is less than or barely above the insureds' deductible. That enables defendant to pay little or nothing on the claims. It is commonplace in neighborhoods where hurricanes have struck for most of the residents to have their roofs replaced with insurance monies while the defendant's insureds receive a company estimate limited to a shingle here and a shingle there, with the remainder being classified as wear and tear, lack of maintenance, or possibly pre-existing damage. Defendant nickels and dimes each of its insureds, hoping only a few actually pursue legal action for the gross mischaracterization of their losses in order to minimize its overall exposure. That is precisely what occurred here.

10.    As a result of defendant's response to this Claim, plaintiffs were forced to hire No Stress Insurance Claims International Corp, a public adjusting company, to assist with the Claim. Defendant failed to correct its handling of the Claim, forcing plaintiffs to hire counsel. Ultimately, defendant continued to hold its position and made no good faith attempts to correct its handling of the Claim.

11.    The parties' divergent estimates of the cost of repairs reveals both the scope and the specifics of defendant's bad faith claims processing. Exhibit A is a true and correct copy of the

3

estimate plaintiffs submitted to the insurer. Exhibit B is a true and correct copy of defendant's estimate. A cursory side-by-side comparison reveals numerous items of damage defendant either undervalued or ignored altogether in preparing its estimate. Both exhibits are incorporated fully herein by reference as if stated *verbatim*.

12.    The actual cost of repair and replacement has undoubtedly gone up since the date of plaintiffs' estimate. Plaintiffs do not present these estimates as proof of damages but rather to demonstrate defendant's lack of good faith in attempting to resolve the Claim.

13.    Defendant's bad faith handling of this Claim has caused plaintiffs great mental anguish. This ongoing situation has become incredibly distressing, leading to heightened nervousness and disrupted sleep patterns. The stress and uncertainty surrounding the inadequate coverage have exacerbated sleeplessness, further impacting plaintiffs' overall well-being. Additionally, the strain from these issues has begun to affect their personal relationships, adding another layer of difficulty to an already challenging situation.

14.    Plaintiffs satisfied all conditions precedent to recovery under the above facts and for the causes of action outlined below. Prior to claim denial, plaintiffs timely provided defendant with all forms, information and documentation requested to process plaintiffs' Claim.

## VI.

### CAUSES OF ACTION

#### A.    Breach of Contract

15.    Plaintiffs incorporate each paragraph in Section V, *supra*, fully herein as if stated *verbatim*.

16.    The loss at issue was covered under the policy. Defendant's failure to pay the amount due for that loss constitutes a breach of the insurance policy which constitutes breach of contract

4

under Texas law.

17.    Defendant's breach warrants an award of compensatory damages and attorney's fees. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8).

### B.    Breach of the Duty of Good Faith and Fair Dealing

18.    Plaintiffs incorporate each paragraph in Section V, *supra*, fully herein as if stated *verbatim*.

19.    Defendant is liable under the common law tort for breach of the duty of good faith and fair dealing. Defendant owed plaintiffs a duty of good faith and fair dealing based on the parties' special relationship as insurer (and its personnel) and insured. Defendant breached the duty by denying plaintiffs' Claim when defendant's liability for the damages at issue was reasonably clear. Further, or in the alternative, defendant breached the duty by failing to investigate plaintiffs' Claim reasonably. What limited investigation defendant did undertake was pretextual, that is, defendant's anticipated coverage decision dictated the scope and nature of the investigation whereas defendant should have conducted an objective and comprehensive investigation to drive the coverage decision. Defendant knew and/or should have known that it had no reasonable basis to deny covering the full extent of the damage and underpay plaintiffs' Claim.

20.    Defendant's breach proximately caused substantial damages to plaintiffs, including loss of monetary benefits under the policy as well as consequential damages and mental anguish.

21.    Defendant's breach justifies the imposition of compensatory damages.

22.    Defendant's breach was the product of gross negligence; hence plaintiffs are entitled to punitive damages. *See* Section VII, *infra*.

### C.    Unfair Settlement Practices and Unfair or Deceptive Acts or Practices Under the Texas Insurance Code

23.    Plaintiffs incorporate each paragraph in Section V, *supra*, fully herein as if stated

5

*verbatim.*

24.    Defendant engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the business of insurance by denying plaintiffs' Claim when defendant's liability for the damages at issue had become reasonably clear. TEX. INS. CODE § 541.060(a)(2)(A); 542.003(b)(4)). Defendant's unfair methods of competition and/or unfair or deceptive acts or practices also included defendant's failure to investigate plaintiffs' Claim reasonably. TEX. INS. CODE §§ 541.060(a)(7); 542.003(b)(5)). What limited investigation defendant did undertake was pretextual, that is, defendant's anticipated coverage decision dictated the scope and nature of the investigation whereas defendant should have conducted an objective and comprehensive investigation to drive the coverage decision. Defendant knew and/or should have known that it had no reasonable basis to underpay plaintiffs' Claim to the degree that it did.

25.    Defendant's violations proximately caused substantial damages to plaintiffs, including loss of monetary benefits under the policy as well as consequential damages and mental anguish.

26.    Defendant's unfair settlement practices in violation of the Texas Insurance Code entitle plaintiffs to recover all compensatory damages as well as attorney's fees and costs. *See, e.g.,* TEX. INS. CODE § 541.152(a)(1).

27.    Defendant's unfair settlement practices in violation of the Texas Insurance Code were committed knowingly, thereby entitling plaintiffs to recover treble damages, that is, three times actual damages. TEX. INS. CODE § 541.152(b).

28.    In the alternative to treble damages, plaintiffs are entitled to punitive damages because defendant's conduct was the product of gross negligence. *See* Section VII, *infra.*

**D.     Deceptive Trade Practices Under the DTPA**

29.    Plaintiffs incorporate each paragraph in Section V, *supra,* fully herein as if stated

6

*verbatim.*

30.      Plaintiffs are "consumers," as defined in the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA—*see* TEX. BUS. & COM. CODE § 17.45(4)) in that plaintiffs purchased the insurance policy from defendant on which this action is based. Defendant is a company that may be sued as a person under the DTPA. TEX. BUS. & COM. CODE § 17.45(3).

31.      Defendant is liable for engaging in unconscionable action by (a) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' Claim for which defendant's liability had become reasonably clear; and (b) refusing to pay plaintiffs' Claim without conducting a reasonable investigation with respect to the Claim. *See* TEX. BUS. & COM. CODE § 17.50(a)(3). Furthermore, defendant's violations of the Texas Insurance Code also constitute DTPA violations. TEX. BUS. & COM. CODE § 17.50(a)(4)).

32.      Defendant's violations proximately caused substantial economic damage to plaintiffs, including loss of monetary benefits under the policy, as well as consequential damages and mental anguish.

33.      Defendant's violations of the DTPA entitle plaintiffs to recover all economic damages as well as attorney's fees and costs. TEX. BUS. & COM. CODE § 17.50(b)(1) & (d).

34.      Defendant's violations of the DTPA were committed knowingly, thereby entitling plaintiffs both to damages for mental anguish and treble economic damages (economic damages times three). Furthermore, because defendant's acts and omissions were intentional, plaintiffs are entitled to treble damages for mental anguish (three times damages for mental anguish) as well. TEX. BUS. & COM. CODE § 17.50(b)(1).

35.      In the alternative to treble damages, plaintiffs are entitled to punitive damages because defendant's conduct was the product of gross negligence. *See* Section VII, *infra.*

### E.    Violation of the Texas Prompt Payment of Claims Act

36.    Plaintiffs incorporate each paragraph in Section V, *supra*, fully herein as if stated *verbatim*.

37.    Defendant violated the Texas Prompt Payment of Claims Act by failing to pay the full value of plaintiffs' Claim within 60 days of receiving all items requested of plaintiffs. TEX. INS. CODE § 542.060.

38.    Defendant's violation entitles plaintiffs to statutory interest, separate and apart from pre- or post- judgment interest, from the deadline for payment to the date of judgment, pursuant to TEX. INS. CODE § 542.060. This includes interest on all monies owed but thus far unpaid.

## VII.

## GROSS NEGLIGENCE

39.    Plaintiffs incorporate Section V, *supra*, herein by reference as if stated *verbatim*.

40.    This section does not establish a separate cause of action; rather, it establishes the defendant's mindset behind and culpability for the acts and omissions giving rise to the causes of action described above. Defendant's acts and omissions involved more than momentary thoughtlessness or inadvertence. Rather, defendant's acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the insured. Defendant had actual, subjective awareness of the risks involved, but nevertheless acted (and failed to act) with conscious indifference to the rights, safety, or welfare of plaintiffs or others similarly situated. Defendant's breach of the common law duty of good faith and fair dealing and its violations of the Texas Insurance Code and DTPA thus involved gross negligence, entitling plaintiffs to punitive damages. TEX. CIV. PRAC. & REM. CODE § 41.001(11).

41.    Defendant's acts and omissions that amounted to grossly negligent conduct proximately caused the injuries plaintiffs suffered.

## VIII.

## DAMAGES

42.    As a direct and proximate result of the conduct described above, plaintiffs have suffered substantial injuries for which plaintiffs are entitled to compensation, including compensation for:

   a.    The full cost of repairing the Property, up to policy limits;

   b.    Diminished value of the Property, up to policy limits;

   c.    Consequential damages; and/or

   d.    Mental anguish.

43.    Plaintiffs are entitled to trebling of actual damages based on defendant's knowing violations of the Texas Insurance Code (TEX. INS. CODE § 541.152(b)) and trebling of economic damages based on defendant's knowing violations of the Texas DTPA, as well as treble economic and mental anguish damages for defendant's intentional violations of the Texas DTPA. (TEX. BUS. & COM. CODE § 17.50(b)(1)).

44.    In the alternative to treble damages, plaintiffs are entitled to punitive (exemplary) damages for defendant's grossly negligent acts and omissions. TEX. CIV. PRAC. & REM. CODE § 41.001(11). Punitive damages should be in the amount needed to punish defendant, make examples of defendant, and deter defendant and others similarly situated from the same or similar grossly negligent acts and omissions in the future. TEX. CIV . PRAC. & REM. CODE § 41.001(5).

45.    Plaintiffs are also entitled to statutory interest for defendant's failure to promptly pay the full value of plaintiffs' Claim. TEX. INS. CODE § 542.060.

46.     Plaintiffs are also entitled to attorney's fees and costs for defendant's breach of contract (TEX. CIV. PRAC. & REM. CODE § 38.001) and violations of the Texas Insurance Code (*e.g.*, TEX. INS. CODE § 541.152(a)(1)) and Texas DTPA (TEX. BUS. & COM CODE § 17.50(d)).

## IX.

## CONDITIONS PRECEDENT

47.     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to plaintiffs' rights to recover and defendant's liability have been performed or have occurred.

## X.

## RULE 21(a) SERVICE NOTICE

48.     Plaintiffs provide this notice pursuant to TEX. R. CIV. P 21(a). All service for documents not filed, and sent by email, shall only be accepted if sent to ServiceTX@thelawgicalfirm.com.

## XI.

## RULE 193.7 NOTICE

49.     Plaintiffs hereby give notice of intent to use any and all documents produced by any party in any pretrial proceeding and at trial against the producing party as authenticated against the same.

## XII.

## DEMAND FOR JURY TRIAL

50.     Plaintiffs demand a trial by jury.

## XIII.

## PRAYER

For the reasons stated, plaintiffs, Luis Gomez and Rhonda Gomez, request that defendant, State Farm Lloyds, be cited to appear and answer, and that, on final trial of this matter, plaintiffs have

10

judgment against defendant for compensatory damages in an amount within the jurisdictional limits of this Court, statutory interest for failure to promptly pay the Claim, attorney's fees, costs of Court, treble damages and/or punitive / exemplary damages, all pre-judgment and post-judgment interest as allowed by law, and all other relief to which plaintiffs may be entitled.

Dated: September 24, 2025

Respectfully submitted,

THE LAWGICAL FIRM, P.A.

/s/ Erik Walker
**Erik Walker**
Texas Bar No.: 00792104
Service Email: ServiceTX@thelawgicalfirm.com
Personal Email: Erik.Walker@thelawgicalfirm.com
**Brandon Arrow**
Texas Bar No. 24120435
Personal Email: Brandon.Arrow@thelawgicalfirm.com
504 W. 38TH St
Austin, TX 78705
(832) 871-5995 (Main Phone)
(512) 309-0597 (Direct Line)
(407) 487-4441 (Fax)

*Attorneys for Plaintiffs*

11

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Erik Walker
Bar No. 792104
servicetx@thelawgicalfirm.com
Envelope ID: 106028016
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 9/24/2025 2:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erik Walker | | servicetx@thelawgicalfirm.com | 9/24/2025 2:13:33 PM | NOT SENT |
| Erik Walker | | servicetx@thelawgicalfirm.com | 9/24/2025 2:13:33 PM | NOT SENT |



# EXHIBIT A

| INSURED | : Rhonda & Luis Gomez | | DATE OF REPORT | : 09/19/2024 |
|---|---|---|---|---|
| LOCATION | : 16846 Carrack Turn Dr, | | DATE OF LOSS | : 07/08/2024 |
| | : Friendswood, TX 77546 | | POLICY NUMBER | : 53-GOM4807 |
| COMPANY | : State Farm | | CLAIM NUMBER | : 53-70K3-21D |
| | : | | OUR FILE NUMBER | : Rhonda & Luis Gomez |
| | : | | ADJUSTER NAME | : |

# BUILDING ESTIMATE WIND

| ESTIMATE RECAP | |
|---|---|
| Estimate Totals Before Taxes: | $115,511.01 |
| Applicable Sales Tax: | $8,085.77 |
| Estimate Grand Totals: | $123,596.78 |
| Total Depreciation: | ($9,887.76) |
| A.C.V. Estimate Totals: | $113,709.02 |
| Policy Deductible: | ($0.00) |
| Final Totals: | $113,709.02 |

Unofficial Copy Office of Marilyn Burgess District Clerk

***    *This is an estimate of recorded damages and is subject to review and final approval by the insurance carrier.*    ***

| INSURED | : Rhonda & Luis Gomez | DATE OF REPORT | : 09/19/2024 |
|---|---|---|---|
| LOCATION | : 16846 Carrack Turn Dr, | DATE OF LOSS | : 07/08/2024 |
| | : Friendswood, TX 77546 | POLICY NUMBER | : 53-GOM4807 |
| COMPANY | : State Farm | CLAIM NUMBER | : 53-70K3-21D |
| | : | OUR FILE NUMBER | : Rhonda & Luis Gomez |
| | : | ADJUSTER NAME | : |

**Estimate Section:**      Roof

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|---|---|---|---|---|---|
| 1.0 EA | Remove and Replace Electrical Mast | $500.00 | $500.00 | $40.00 | $460.00 |
| 51.2 LF | Remove and Replace Exterior Fascia | $3.94 | $201.73 | $16.14 | $185.59 |
| 51.2 LF | Remove and Replace Exterior Soffit | $6.16 | $315.39 | $25.23 | $290.16 |
| 274.5 LF | Remove and Replace Gutters - Residential | $11.27 | $3,093.62 | $247.49 | $2,846.13 |
| 68.8 SQ | Re-nail Roof - Sheathing | $62.00 | $4,265.60 | $341.25 | $3,924.35 |
| 34.4 SQ | Remove and Replace Composition Shingles | $500.00 | $17,200.00 | $1,376.00 | $15,824.00 |
| 65.8 LF | Remove and Replace Ridge | $9.03 | $594.17 | $47.53 | $546.64 |
| 30.2 LF | Remove and Replace Hip and Ridge Shingles for Asphalt - Fiberglass Composition Shingles | $6.36 | $192.07 | $15.37 | $176.70 |
| 274.5 LF | Shingle Starter Strip for Composition Shingles | $1.14 | $312.93 | $25.03 | $287.90 |
| 68.7 SQ | Remove and Replace 30# Roofing Felt | $41.00 | $2,816.70 | $225.34 | $2,591.36 |
| 68.7 SQ | Remove and Replace Ice and Water Shield | $221.00 | $15,182.70 | $1,214.62 | $13,968.08 |
| 3.0 EA | Remove and Replace PVC Vent | $395.14 | $1,185.42 | $94.83 | $1,090.59 |
| 3.0 EA | Remove and Replace Metal Vent | $151.74 | $455.22 | $36.42 | $418.80 |
| 65.8 LF | Remove and Replace Ridge Vent for Roof | $8.90 | $585.62 | $46.85 | $538.77 |
| 274.5 LF | Remove and Replace Aluminum Drip Edge | $3.56 | $977.22 | $78.18 | $899.04 |
| 42.1 LF | Remove and Replace Aluminum Valley Flashing | $14.23 | $599.08 | $47.93 | $551.15 |
| | **Totals For Roof** | | **$48,477.47** | **$3,878.21** | **$44,599.26** |

**Estimate Section:**      Front Elevation

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|---|---|---|---|---|---|
| 1.0 EA | Remove and Replace Garage Door | $1,017.35 | $1,017.35 | $81.39 | $935.96 |
| 1.0 EA | Remove and Replace Garage Door Trim | $53.99 | $53.99 | $4.32 | $49.67 |
| 2.0 EA | Remove and Replace Window (Tyre - 3 Liftout Slider w/Inseter) | $351.74 | $703.48 | $56.28 | $647.20 |
| 1.0 EA | Remove and Replace Window Screens | $56.03 | $56.03 | $4.48 | $51.55 |
| | **Totals For Front Elevation** | | **$1,830.85** | **$146.47** | **$1,684.38** |

**Estimate Section:**      Rear Elevation

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|---|---|---|---|---|---|
| 1.0 EA | Remove and Replace Window (Tyre - 3 Liftout Slider w/Inseter) | $351.74 | $351.74 | $28.14 | $323.60 |
| 2.0 EA | Remove and Replace Window Screens | $56.03 | $112.06 | $8.96 | $103.10 |
| 1.0 EA | Remove and Replace Window Slider | $255.59 | $255.59 | $20.45 | $235.14 |
| 1.0 EA | Remove and Replace Ceiling / Wall Light Fixture | $167.11 | $167.11 | $13.37 | $153.74 |
| 65.0 SQ | Remove and Replace Back Porch Roof | $102.95 | $6,691.75 | $535.34 | $6,156.41 |
| | **Totals For Rear Elevation** | | **$7,578.25** | **$606.26** | **$6,971.99** |

***      *This is an estimate of recorded damages and is subject to review and final approval by the insurance carrier.*      ***

SIMSOL®
Form CEST-1/9.0-SP4

Unofficial Copy Office of Marilyn Burgess District Clerk

| INSURED | : Rhonda & Luis Gomez | DATE OF REPORT | : 09/19/2024 |
|---|---|---|---|
| LOCATION | : 16846 Carrack Turn Dr, | DATE OF LOSS | : 07/08/2024 |
| | : Friendswood, TX 77546 | POLICY NUMBER | : 53-GOM4807 |
| COMPANY | : State Farm | CLAIM NUMBER | : 53-70K3-21D |
| | : | OUR FILE NUMBER | : Rhonda & Luis Gomez |
| | : | ADJUSTER NAME | : |

**Estimate Section:**     **Living Room**

Living Room .......................................................... 30' 3.0" x 21' 7.0" x 8'
(12' 8.0" High at 8' )

| Lower Perimeter: | 103.70 LF | Floor SF: | 652.90 SF | Wall SF: | 970.50 SF |
|---|---|---|---|---|---|
| Upper Perimeter: | 107.20 LF | Floor SY: | 72.54 SY | Ceiling SF: | 690.60 SF |

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|---|---|---|---|---|---|
| 652.9 SF | Mildewcide Floor Treatment | $0.39 | $254.63 | $20.37 | $234.26 |
| 970.5 SF | Mildewcide Wall Treatment | $0.39 | $378.50 | $30.28 | $348.22 |
| 690.6 SF | Mildewcide Ceiling Treatment | $0.39 | $269.33 | $21.55 | $247.78 |
| 652.9 SF | Clean Floor | $0.60 | $391.74 | $31.34 | $360.40 |
| 194.1 SF | Remove and Replace Wall Insulation | $1.37 | $265.92 | $21.27 | $244.65 |
| 194.1 SF | Remove and Replace Wall Drywall on Wood Framing | $3.08 | $597.83 | $47.83 | $550.00 |
| 970.5 SF | Knock Down Texture Walls | $1.47 | $1,426.64 | $114.13 | $1,312.51 |
| 970.5 SF | Skim Coat Texture Walls | $1.00 | $970.50 | $77.64 | $892.86 |
| 970.5 SF | Seal and Paint Walls (2 coats) | $1.74 | $1,688.67 | $135.09 | $1,553.58 |
| 138.1 SF | Remove and Replace Ceiling Insulation | $2.35 | $324.54 | $25.96 | $298.58 |
| 138.1 SF | Remove and Replace Ceiling Drywall on Wood Framing | $3.08 | $425.35 | $34.03 | $391.32 |
| 690.6 SF | Skim Coat Texture Ceiling | $1.00 | $690.60 | $55.25 | $635.35 |
| 690.6 SF | Seal and Paint Ceiling (2 coat) | $1.74 | $1,201.64 | $96.13 | $1,105.51 |
| 2.0 EA | Remove and Reinstall Ceiling / Wall Light Fixture | $46.04 | $92.08 | $7.37 | $84.71 |
| 2.0 EA | Remove and Reinstall Supply Grille | $17.78 | $35.56 | $2.84 | $32.72 |
| 1.0 EA | Move and Reset Contents | $103.88 | $103.88 | $8.31 | $95.57 |
| 652.9 SF | Cover and Protect Floors | $0.28 | $182.81 | $14.62 | $168.19 |
| 970.5 SF | Cover and Protect Walls | $0.28 | $271.74 | $21.74 | $250.00 |
| | **Totals For Living Room** | | **$9,571.96** | **$765.75** | **$8,806.21** |

**Estimate Section:**     **Garage**

Garage .......................................................... 18' 3.0" x 19' 10.0" x 8'

| Lower Perimeter: | 76.20 LF | Floor SF: | 362.00 SF | Wall SF: | 609.30 SF |
|---|---|---|---|---|---|
| Upper Perimeter: | 76.20 LF | Floor SY: | 40.22 SY | Ceiling SF: | 362.00 SF |

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|---|---|---|---|---|---|
| 362.0 SF | Mildewcide Floor Treatment | $0.39 | $141.18 | $11.29 | $129.89 |
| 609.3 SF | Mildewcide Wall Treatment | $0.39 | $237.63 | $19.01 | $218.62 |
| 362.0 SF | Mildewcide Ceiling Treatment | $0.39 | $141.18 | $11.29 | $129.89 |
| 362.0 SF | Clean Floor | $0.60 | $217.20 | $17.38 | $199.82 |
| 121.9 SF | Remove and Replace Wall Insulation | $1.37 | $167.00 | $13.36 | $153.64 |
| 121.9 SF | Remove and Replace Wall Drywall on Wood Framing | $3.08 | $375.45 | $30.04 | $345.41 |
| 609.3 SF | Skim Coat Texture Walls | $1.00 | $609.30 | $48.74 | $560.56 |
| 609.3 SF | Seal and Paint Walls (2 coats) | $1.74 | $1,060.18 | $84.81 | $975.37 |
| 72.4 SF | Remove and Replace Ceiling Insulation | $2.35 | $170.14 | $13.61 | $156.53 |
| 72.4 SF | Remove and Replace Ceiling Drywall on Wood Framing | $3.08 | $222.99 | $17.84 | $205.15 |

***     *This is an estimate of recorded damages and is subject to review and final approval by the insurance carrier.*     ***

SIMSOL®
Form CEST-1/9.0-SP4

Unofficial Copy Office of Marilyn Burgess District Clerk

| INSURED | : Rhonda & Luis Gomez | DATE OF REPORT | : 09/19/2024 |
|---|---|---|---|
| LOCATION | : 16846 Carrack Turn Dr, | DATE OF LOSS | : 07/08/2024 |
| | : Friendswood, TX 77546 | POLICY NUMBER | : 53-GOM4807 |
| COMPANY | : State Farm | CLAIM NUMBER | : 53-70K3-21D |
| | : | OUR FILE NUMBER | : Rhonda & Luis Gomez |
| | : | ADJUSTER NAME | : |

**Estimate Section:**    Garage - Continued...

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|---|---|---|---|---|---|
| 362.0 SF | Trowel Ceiling | $1.47 | $532.14 | $42.57 | $489.57 |
| 362.0 SF | Skim Coat Texture Ceiling | $1.00 | $362.00 | $28.96 | $333.04 |
| 362.0 SF | Seal and Paint Ceiling (2 coat) | $1.74 | $629.88 | $50.39 | $579.49 |
| 1.0 EA | Remove and Replace Garage Door | $1,017.35 | $1,017.35 | $81.39 | $935.96 |
| 3.0 EA | Remove and Reinstall Cover Plate for Outlet / Switch | $4.76 | $14.28 | $1.14 | $13.14 |
| 1.0 EA | Remove and Reinstall Supply Grille | $17.78 | $17.78 | $1.42 | $16.36 |
| 1.0 EA | Move and Reset Contents | $103.88 | $103.88 | $8.31 | $95.57 |
| 362.0 SF | Cover and Protect Floors | $0.28 | $101.36 | $8.11 | $93.25 |
| 609.3 SF | Cover and Protect Walls | $0.28 | $170.60 | $13.65 | $156.95 |
| | **Totals For Garage** | | **$6,291.52** | **$503.31** | **$5,788.21** |

**Estimate Section:**    Front Bedroom

Front Bedroom ........................................................ 18' 3.0" x 16' 5.0" x 8'

| Lower Perimeter: | 69.30 LF | Floor SF: | 299.60 SF | Wall SF: | 554.70 SF |
|---|---|---|---|---|---|
| Upper Perimeter: | 69.30 LF | Floor SY: | 33.29 SY | Ceiling SF: | 299.60 SF |

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|---|---|---|---|---|---|
| 299.6 SF | Mildewcide Floor Treatment | $0.39 | $116.84 | $9.35 | $107.49 |
| 554.7 SF | Mildewcide Wall Treatment | $0.39 | $216.33 | $17.31 | $199.02 |
| 299.6 SF | Mildewcide Ceiling Treatment | $0.39 | $116.84 | $9.35 | $107.49 |
| 299.6 SF | Clean Floor | $0.60 | $179.76 | $14.38 | $165.38 |
| 110.9 SF | Remove and Replace Wall Insulation | $1.37 | $151.93 | $12.15 | $139.78 |
| 110.9 SF | Remove and Replace Wall Drywall on Wood Framing | $3.08 | $341.57 | $27.33 | $314.24 |
| 554.7 SF | Knock Down Texture Walls | $1.47 | $815.41 | $65.23 | $750.18 |
| 554.7 SF | Skim Coat Texture Walls | $1.00 | $554.70 | $44.38 | $510.32 |
| 554.7 SF | Seal and Paint Walls (2 coats) | $1.74 | $965.18 | $77.21 | $887.97 |
| 59.9 SF | Remove and Replace Ceiling Insulation | $2.35 | $140.77 | $11.26 | $129.51 |
| 59.9 SF | Remove and Replace Ceiling Drywall on Wood Framing | $3.08 | $184.49 | $14.76 | $169.73 |
| 299.6 SF | Skim Coat Texture Ceiling | $1.00 | $299.60 | $23.97 | $275.63 |
| 299.6 SF | Seal and Paint Ceiling (2 coat) | $1.74 | $521.30 | $41.70 | $479.60 |
| 1.0 EA | Remove and Reinstall Fire Alarm | $210.69 | $210.69 | $16.86 | $193.83 |
| 3.0 EA | Remove and Reinstall Cover Plate for Outlet / Switch | $4.76 | $14.28 | $1.14 | $13.14 |
| 1.0 EA | Remove and Reinstall Ceiling / Wall Light Fixture | $46.04 | $46.04 | $3.68 | $42.36 |
| 1.0 EA | Move and Reset Contents | $103.88 | $103.88 | $8.31 | $95.57 |
| 299.6 SF | Cover and Protect Floors | $0.28 | $83.89 | $6.71 | $77.18 |
| 554.7 SF | Cover and Protect Walls | $0.28 | $155.32 | $12.43 | $142.89 |
| | **Totals For Front Bedroom** | | **$5,218.82** | **$417.51** | **$4,801.31** |

***    *This is an estimate of recorded damages and is subject to review and final approval by the insurance carrier.*    ***

Unofficial Copy of Marilyn Burgess District Clerk

| INSURED | : Rhonda & Luis Gomez | DATE OF REPORT | : 09/19/2024 |
|---------|----------------------|----------------|--------------|
| LOCATION | : 16846 Carrack Turn Dr, | DATE OF LOSS | : 07/08/2024 |
| | : Friendswood, TX 77546 | POLICY NUMBER | : 53-GOM4807 |
| COMPANY | : State Farm | CLAIM NUMBER | : 53-70K3-21D |
| | : | OUR FILE NUMBER | : Rhonda & Luis Gomez |
| | : | ADJUSTER NAME | : |

**Estimate Section:**        **Other Structure**

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|----------|-------------|-----------|-----|-----|-----|
| 223.0 LF | Remove and Replace Wood Fencing | $39.83 | $8,882.09 | $710.57 | $8,171.52 |
| 2.0 EA | Remove and Replace Wooden Door | $224.07 | $448.14 | $35.85 | $412.29 |
| 22.0 EA | Remove and Replace Post for Wood Fencing | $49.91 | $1,098.02 | $87.84 | $1,010.18 |
| | **Totals For Other Structure** | | **$10,428.25** | **$834.26** | **$9,593.99** |

**Estimate Section:**        **General**

| Quantity | Description | Unit Cost | RCV | DEP | ACV |
|----------|-------------|-----------|-----|-----|-----|
| 1400.0 SF | Construction Clean-up | $0.39 | $546.00 | $43.68 | $502.32 |
| 1.0 EA | Electrical Circuits Check | $1,500.00 | $1,500.00 | $120.00 | $1,380.00 |
| 1.0 EA | Pressure Wash Home | $2,000.00 | $2,000.00 | $160.00 | $1,840.00 |
| 1.0 MO | 8 x 8 x 16 POD | $306.00 | $306.00 | $24.48 | $281.52 |
| 1.0 EA | Deliver Pod for Storage of Contents | $222.33 | $222.33 | $17.79 | $204.54 |
| 1.0 EA | Pick-up Empty Pod | $222.33 | $222.33 | $17.79 | $204.54 |
| 8.0 HR | Specialized Roof Demolition | $51.53 | $412.24 | $32.98 | $379.26 |
| 1.0 EA | 40 CY Solid Waste Bin Dumpster Rental | $1,181.50 | $1,181.50 | $94.52 | $1,086.98 |
| 1.0 EA | Fees | $150.00 | $150.00 | $12.00 | $138.00 |
| 1.0 EA | Permit | $321.65 | $321.65 | $25.73 | $295.92 |
| | **Totals For General** | | **$6,862.05** | **$548.97** | **$6,313.08** |

| | | RCV | DEP | ACV |
|---|---|-----|-----|-----|
| **Repair Item Totals** | | **$96,259.17** | **$7,700.74** | **$88,558.43** |
| General Contractor's Overhead (10.0%) | | $9,625.92 | $770.08 | $8,855.84 |
| General Contractor's Profit (10.0%) | | $9,625.92 | $770.08 | $8,855.84 |
| Estimate Totals With OHP | | $115,511.01 | $9,240.90 | $106,270.11 |
| Applicable Sales Tax | | $8,085.77 | $646.86 | $7,438.91 |
| Estimate Grand Totals | | $123,596.78 | $9,887.76 | $113,709.02 |
| **BUILDING FINAL TOTALS** | | **$123,596.78** | | **$113,709.02** |

***     *This is an estimate of recorded damages and is subject to review and final approval by the insurance carrier.*     ***

SIMSOL®
Form CEST-1/9.0-SP4

Unofficial Copy Office of Marilyn Burgess District Clerk

| INSURED | : Rhonda & Luis Gomez | DATE OF REPORT | : 09/19/2024 |
|---|---|---|---|
| LOCATION | : 16846 Carrack Turn Dr, | DATE OF LOSS | : 07/08/2024 |
| | : Friendswood, TX 77546 | POLICY NUMBER | : 53-GOM4807 |
| COMPANY | : State Farm | CLAIM NUMBER | : 53-70K3-21D |
| | : | OUR FILE NUMBER | : Rhonda & Luis Gomez |
| | : | ADJUSTER NAME | : |

# ESTIMATE TOTALS

| ESTIMATE TOTAL PAGE ITEMS | RCV | DIFF | ACV |
|---|---|---|---|
| **Repair Item Totals** | **$96,259.17** | **$7,700.74** | **$88,558.43** |
| General Contractor Overhead (10.0%) | $9,625.92 | $770.08 | $8,855.84 |
| General Contractor Profit (10.0%) | $9,625.92 | $770.08 | $8,855.84 |
| Estimate Totals With O&P | $115,511.01 | $9,240.90 | $106,270.11 |
| Applicable Sales Tax Rate: 7.0000% (Includes M,L,E,O,P,A) | $8,085.77 | $646.86 | $7,438.91 |
| Estimate Grand Totals | $123,596.78 | $9,887.76 | $113,709.02 |
| **BUILDING FINAL TOTALS** | **$123,596.78** | **$9,887.76** | **$113,709.02** |

Sales Tax Legend:   M - Materials, L - Labor, E - Equipment, O - Overhead, P - Profit, A - Additional Items



*** **This is an estimate of recorded damages and is subject to review and final approval by the insurance carrier.** ***

# EXHIBIT B

GOMEZ, LUIS

53-70K3-21D



**State Farm**
**P.O. Box 106169**
**Atlanta, GA  30348-6169**
**Fax: 1-844-236-3646**
**statefarmfireclaims@statefarm.com**

# Structural Damage Claim Policy

This estimate is priced based on estimated market pricing for the cost of materials, labor, and other factors at the time of the loss.

Adjustments in market pricing and timing of the repairs may impact the final cost of covered repairs. Should you or the contractor you select have questions concerning our estimate, please contact us. If your contractor's estimate is higher than ours, you should contact us prior to beginning repairs. State Farm will work with you and your contractor to determine the actual and necessary cost of covered repairs at the time repairs will be completed, subject to policy terms, conditions and limits.

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

53-70K3-21D

 **StateFarm** # Building Estimate Summary Guide

## This summary guide is based on a sample estimate and is provided for reference only.
### Please refer to the estimate for specifics of your claim.

### State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ Remodel F = Factored In, D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) [7] | | |
| Subtotal | | 312.50 |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | |
| Total Maximum Additional Amounts Available If Incurred [8] | | |
| Total Amount of Claim If Incurred [9] | | |

_____
Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for *labor minimums*. *Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation** – *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred** – Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

**State Farm**

GOMEZ, LUIS                                                                                                                  53-70K3-21D

| | | | |
|---|---|---|---|
| Insured: | GOMEZ, LUIS | Estimate: | 53-70K3-21D |
| Property: | 16846 Carrack Turn Dr | Claim Number: | 5370K321D |
| | Friendswood, TX 77546-2311 | Policy Number: | 53G0M4807 |
| Cellular: | 832-577-4760 | Price List: | TXHO28_JUL24 |
| Type of Loss: | Wind Damage | | Restoration/Service/Remodel |
| Deductible: | $4,594.00 | | |
| Date of Loss: | 7/8/2024 | | |
| Date Inspected: | 7/19/2024 | | |

### Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---:|
| Line Item Total | 13,835.04 |
| Material Sales Tax | 312.33 |
| Replacement Cost Value | 14,147.37 |
| Less Depreciation (Including Taxes) | (615.53) |
| Less Deductible | (4,594.00) |
| Net Actual Cash Value Payment | $8,937.84 |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---:|---:|
| Total Line Item Depreciation (Including Taxes) | 615.53 | |
| Replacement Cost Benefits | | 615.53 |
| Total Maximum Additional Amount Available If Incurred | | 615.53 |
| Total Amount of Claim If Incurred | | $9,553.37 |

Powell, Tiffany
866-787-8676 x 1580

## ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.

Please be advised the Missouri Revised Statute 379.150 states whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured.

Your estimate includes items which may be payable under Option OL- Building Ordinance or Law coverage.  Items covered under Option OL are payable when the dwelling is repaired or replaced.  This amount would be in addition to the "Total Maximum Additional Amount Available If Incurred".  We will not pay more under Option OL than the amount you actually and necessarily spend subject to the terms, conditions and limits of the policy.

**State Farm**

GOMEZ, LUIS                                                                                      53-70K3-21D

| | | | |
|---|---|---|---|
| Insured: | GOMEZ, LUIS | Estimate: | 53-70K3-21D |
| Property: | 16846 Carrack Turn Dr | Claim Number: | 5370K321D |
| | Friendswood, TX 77546-2311 | Policy Number: | 53G0M4807 |
| Cellular: | 832-577-4760 | Price List: | TXHO28_JUL24 |
| Type of Loss: | Wind Damage | | Restoration/Service/Remodel |
| Deductible: | $0.00 | | |
| Date of Loss: | 7/8/2024 | | |
| Date Inspected: | 7/19/2024 | | |

## Summary for Coverage A - Other Structures - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 6,578.58 |
| Material Sales Tax | 211.53 |
| Replacement Cost Value | 6,790.11 |
| Less Depreciation (Including Taxes) | (2,263.37) |
| Less Deductible | (0.00) |
| Net Actual Cash Value Payment | $4,526.74 |

Powell, Tiffany

866-787-8676 x 1580

## ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.

Please be advised the Missouri Revised Statute 379.150 states whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured.

Your estimate includes items which may be payable under Option OL- Building Ordinance or Law coverage.  Items covered under Option OL are payable when the dwelling is repaired or replaced.  This amount would be in addition to the "Total Maximum Additional Amount Available If Incurred".  We will not pay more under Option OL than the amount you actually and necessarily spend subject to the terms, conditions and limits of the policy.

Unofficial Copy Office of Marilyn Burgess District Clerk

**State Farm**

## Explanation of Building Replacement Cost Benefits
## Homeowner Policy
## Coverage A - Dwelling - 35 Windstorm and Hail

To:    Name:        GOMEZ, LUIS
       Address:     16846 Carrack Turn Dr
       City:        Friendswood
       State/Zip:   TX, 77546-2311

Insured:        GOMEZ, LUIS                          Claim Number:    5370K321D
Date of Loss:   7/8/2024                             Cause of Loss:   WIND

Your insurance policy provides replacement cost benefits for some or all of the loss or damage to your dwelling or structures. Replacement cost benefits pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss;
2. Promptly notify us after the work has been completed; and
3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $14,147.37. The enclosed claim payment to you of $8,937.84 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $ 615.53 .

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim specialist prior to beginning repairs.

All policy provisions apply to your claim.

Date:    7/25/2024 12:44 PM                          FC0006615-TX 10/22/2020        Page: 5

# State Farm

GOMEZ, LUIS

53-70K3-21D

## Source - EagleView Roof & Walls
### Exterior



### Dwelling

| | | | |
|---|---|---|---|
| 2,987.14 | Surface Area | 29.87 | Number of Squares |
| 274.50 | Total Perimeter Length | 65.82 | Total Ridge Length |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 1. Tear off, haul and dispose of comp. shingles - Laminated | | | | | | | |
| | 12.78 SQ | 71.88 | 0.00 | 918.63 | | | 918.63 |
| 2. Laminated - comp. shingle rfg. - w/ felt | | | | | | | |
| | 14.00 SQ | 303.59 | 123.44 | 4,373.70 | 2/30 yrs Avg. | (291.58) 6.67% | 4,082.12 |

Waste factor for this roof was calculated using the Suggested 7% roof waste factor in the EagleView ClaimsReady Report

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 3. Asphalt starter - universal starter course | | | | | | | |
| | 51.17 LF | 2.06 | 1.66 | 107.07 | 3/20 yrs Avg. | (16.06) 15.00% | 91.01 |
| 4. R&R Sheathing - OSB - 1/2" | | | | | | | |
| | 1,277.82 SF | 2.53 | 56.70 | 3,289.59 | 2/150 yrs Avg. | (43.87) 1.33% | 3,245.72 |
| * 5. R&R Gutter  - aluminum - up to 5" | | | | | | | |
| | 51.17 LF | 9.82 | 15.51 | 518.00 | 3/25 yrs Avg. | (62.16) 12.00% | 455.84 |
| * 6. R&R Downspout - aluminum - up to 5" | | | | | | | |
| | 16.00 LF | 9.82 | 4.85 | 161.97 | 3/25 yrs Avg. | (19.44) 12.00% | 142.53 |
| 7. Drip edge | | | | | | | |
| | 51.17 LF | 2.92 | 3.71 | 153.13 | 3/35 yrs Avg. | (13.13) 8.57% | 140.00 |
| 8. R&R Wall/roof panel - corrugated - 29 gauge - galv. | | | | | | | |
| | 456.72 SF | 4.89 | 46.24 | 2,279.60 | 3/75 yrs Avg. | (91.18) 4.00% | 2,188.42 |
| 9. R&R Soffit - vinyl | | | | | | | |
| | 51.17 SF | 6.70 | 8.09 | 350.93 | 3/50 yrs Avg. | (21.06) 6.00% | 329.87 |
| 10. R&R Soffit & fascia - wood - 2' overhang | | | | | | | |
| | 51.17 LF | 19.22 | 26.51 | 1,010.00 | 3/150 yrs Avg. | (20.20) 2.00% | 989.80 |
| 11. 4" x 4" x 8' - treated lumber post - material only | | | | | | | |
| | 15.00 EA | 12.06 | 11.31 | 192.21 | 3/150 yrs Avg. | (3.85) 2.00% | 188.36 |

Unofficial Copy Office of Marilyn Burgess District Clerk

**State Farm**

GOMEZ, LUIS                                                                                                53-70K3-21D

**CONTINUED - Dwelling**

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 12. R&R Furnace vent - rain cap and storm collar, 5" | | | | | | | |
| | 1.00 EA | 93.36 | 2.15 | 95.51 | 3/25 yrs Avg. | (11.46) 12.00% | 84.05 |
| 13. R&R Fascia - metal - 6" | | | | | | | |
| | 51.17 LF | 6.85 | 8.48 | 358.99 | 3/50 yrs Avg. | (21.54) 6.00% | 337.45 |
| **Totals: Dwelling** | | | **308.65** | **13,809.33** | | **615.53** | **13,193.80** |

**Front Elevation**

|  |  |  |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 14. R&R Soffit - vinyl | | | | | | | |
| | 23.25 SF | 6.70 | 3.68 | 159.45 | | | 159.45 |
| **Totals: Front Elevation** | | | **3.68** | **159.45** | | **0.00** | **159.45** |

**Right Elevation**

|  |  |  |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| Inspection revealed no storm related damage from this occurrence. | | | | | | | |
| **Totals: Right Elevation** | | | **0.00** | **0.00** | | **0.00** | **0.00** |

**Rear Elevation**

|  |  |  |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |

Unofficial Copy Office of Marilyn Burgess District Clerk

**State Farm**

GOMEZ, LUIS                                                                                                     53-70K3-21D

0.00  SF Long Wall                                                          0.00  LF Ceil. Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 15.  R&R Wood fence 5'- 6' high - cedar or equal | | | | | | | |
| | 126.00 LF | 46.73 | 198.69 | 6,086.67 | 4/12 yrs Avg. | <2,028.89> 33.33% | 4,057.78 |
| 16.  R&R Post - wood - 4" x 4" treated lumber | | | | | | | |
| | 10.00 EA | 69.06 | 12.84 | 703.44 | 4/12 yrs Avg. | <234.48> 33.33% | 468.96 |
| **Totals:  Rear Elevation** | | | **211.53** | **6,790.11** | | **<2,263.37>** | **4,526.74** |

**Left Elevation**

0.00  SF Walls                         0.00  SF Ceiling                         0.00  SF Walls & Ceiling
0.00  SF Floor                         0.00  SF Short Wall                      0.00  LF Floor Perimeter
0.00  SF Long Wall                                                              0.00  LF Ceil. Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| **Inspection revealed no storm related damage from this occurrence.** | | | | | | | |
| **Totals:  Left Elevation** | | | **0.00** | **0.00** | | **0.00** | **0.00** |

**Debris Removal**

0.00  SF Walls                         0.00  SF Ceiling                         0.00  SF Walls & Ceiling
0.00  SF Floor                         0.00  SF Short Wall                      0.00  LF Floor Perimeter
0.00  SF Long Wall                                                              0.00  LF Ceil. Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 17.  Haul debris - per pickup truck load - including dump fees | | | | | | | |
| | 1.00 EA | 178.59 | 0.00 | 178.59 | | | 178.59 |
| **Totals:  Debris Removal** | | | **0.00** | **178.59** | | **0.00** | **178.59** |

Area Totals:  Exterior

2,137.21  SF Walls                     194.02  Exterior Perimeter            2,137.21  SF Walls and Ceiling
2,137.21  Exterior Wall Area                   of Walls                      194.02  LF Floor Perimeter
2,987.14  Surface Area                 29.87  Number of Squares              274.50  Total Perimeter Length
   65.82  Total Ridge Length

| **Total:  Exterior** | | | **523.86** | **20,937.48** | | **2,878.90** | **18,058.58** |

Area Totals:  Source - EagleView Roof & Walls

Date:     7/25/2024 12:44 PM                                                                                     Page: 8

**State Farm**

GOMEZ, LUIS                                                                                             53-70K3-21D

| 2,137.21 | SF Walls | 194.02 | Exterior Perimeter of Walls | 2,137.21 | SF Walls and Ceiling |
| 2,137.21 | Exterior Wall Area | | | 194.02 | LF Floor Perimeter |
| 2,987.14 | Surface Area | 29.87 | Number of Squares | 274.50 | Total Perimeter Length |
| 65.82 | Total Ridge Length | | | | |

| Total:  Source - EagleView Roof & Walls | 523.86 | 20,937.48 | 2,878.90 | 18,058.58 |
|---|---|---|---|---|

| Line Item Totals:  53-70K3-21D | 523.86 | 20,937.48 | 2,878.90 | 18,058.58 |
|---|---|---|---|---|

| COVERAGE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|
| Coverage A - Dwelling - 35 Windstorm and Hail | 312.33 | 14,147.37 | (615.53) | 13,531.84 |
| Coverage A - Other Structures - 35 Windstorm and Hail | 211.53 | 6,790.11 | (2,263.37) | 4,526.74 |
| Total | 523.86 | 20,937.48 | (2,878.90) | 18,058.58 |

## Grand Total Areas:

| 2,137.21 | SF Walls | | | 2,137.21 | SF Walls and Ceiling |
| | | | | 194.02 | LF Floor Perimeter |
| 2,137.21 | Exterior Wall Area | 194.02 | Exterior Perimeter of Walls | | |
| 2,987.14 | Surface Area | 29.87 | Number of Squares | 274.50 | Total Perimeter Length |
| 65.82 | Total Ridge Length | | | | |

Unofficial Copy Office of Marilyn Burgess District Clerk

Date:    7/25/2024 12:44 PM                                                                                    Page: 9

## State Farm

GOMEZ, LUIS

53-70K3-21D

### Recap of Taxes, Overhead and Profit

| | GC Overhead (0%) | GC Profit (0%) | Material Sales Tax (6.25%) | Cleaning Mtl Tax (6.25%) | Cleaning Sales Tax (6.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (6.25%) | Total Tax (6.25%) |
|---|---|---|---|---|---|---|---|---|
| **Line Items** | | | | | | | | |
| | 0.00 | 0.00 | 523.86 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | | | | | | | | |
| | **0.00** | **0.00** | **523.86** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

Source - EagleView Roof & Walls - Exterior

Date:    7/25/2024 12:44 PM

Dwelling

F1

F2

F3

F4

F5

Unofficial Copy Office of Marilyn Burgess District Clerk



Exterior

Page: 11

10/6/2025 12:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106483555
By: Jessica Pannell
Filed: 10/6/2025 12:07 PM

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | **District Court**<br>**333rd Judicial District**<br>**Harris County, Texas** | |
|---|---|---|
| Plaintiff | **LUIS GOMEZ, RHONDA GOMEZ** | Cause #<br><br>**202572019** |
| Defendant(s) | **STATE FARM LLOYDS** | Came to Hand Date/Time<br><br>**9/30/2025**        **7:32 PM** |
| Manner of Service | **Personal** | Service Date/Time<br>**10/03/2025**      **11:34 AM** |
| Documents | **Citation; Petition** | Service Fee:<br><br>**$85.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **10/03/2025** at **11:34 AM**: I served **Citation, Petition** upon **State Farm Lloyds c/o Corporation Service CO** by delivering **1** true and correct copy(ies) thereof, with **State Farm Lloyds c/o Corporation Service CO, I delivered the documents to Corporation Service CO with identity confirmed by subject reaching for docs when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired black female contact 25-35 years of age, 5'4"-5'6" tall and weighing 200-240 lbs.  Neisha Gross, Intake Agent** at **211 E 7th St Ste 620, Austin, TX 78701**.

My name is: **Andrew Swatzell** and my date of birth is **11/24/1983**

My address is: **1108 LAVACA ST. STE. 110 - 549, AUSTIN, TX 78701**, USA.

My process server identification # is: **PSC-18592**. My Certification expires: **9/30/2026**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in Travis _____ county, TX.

_____
Andrew Swatzell

10/04/2025
_____
Date Executed

Ref  **GS-33398**

**0188651488**

**txefile@abclegal.com**


**abclegal**  **The Lawgical Firm**

Tracking # **0189224885**

10/27/2025 7:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 107301490
By: Cassie Combs
Filed: 10/27/2025 7:08 AM

**CAUSE NO. 202572019**

| | | |
|---|---|---|
| **LUIS GOMEZ AND RHONDA GOMEZ,** § | | **IN THE DISTRICT COURT** |
| § | | |
| *Plaintiffs,* § | | |
| § | | |
| **v.** § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **STATE FARM LLOYDS** § | | |
| § | | |
| *Defendant.* § | | **333RD JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES State Farm Lloyds ("State Farm"), Defendant in the above styled and numbered cause, and files this, its *Original Answer and Defenses to Plaintiffs' Original Petition*, and would respectfully show the Court as follows:

## GENERAL DENIAL

1. Defendant STATE FARM LLOYDS ("State Farm" or "Defendant") asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs Luis Gomez and Rhonda Gomez ("Plaintiffs") be required to prove their charges and allegations against STATE FARM by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## AFFIRMATIVE AND OTHER DEFENSES

2. Plaintiffs' claims for breach of contract, breach of the duty of good faith and fair, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act ("DTPA"), and gross negligence fail to state a claim upon which relief can be granted, as Plaintiffs have not alleged facts sufficient to establish each element of these causes of action.

3.    Defendant State Farm denies that the required conditions precedent were performed and/or occurred.

4.    State Farm issued Homeowners Policy to the Named Insureds, bearing policy number 53-G0-M480-7 (the "Policy"), effective May 8, 2024, to May 8, 2025, for Plaintiffs' dwelling at 16846 Carrack Turn Drive, Friendswood, Texas 77546 (the "Property"). State Farm adopts its terms, conditions and exclusions as if copied *in extenso* as it applies to Plaintiffs' claim under Claim Number 53-70K3-21D for damage to their Property allegedly due to Hurricane Beryl which occurred on July 8, 2024.

5.    Plaintiff's claims against State Farm are barred, in whole or in part, by the express language of the Policy.

6.    The Policy does not cover losses caused by wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown.

7.    The Policy does not cover losses caused by corrosion, electrolysis, or rust.

8.    The Policy does not cover losses caused by settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings.

9.    The Policy does not cover losses caused by pressure from or presence of tree, shrub, or plant roots.

10.    The Policy further provides State Farm "will pay for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED or otherwise excluded or limited in this policy." Accidental means happening by chance, unexpectedly, and/or unintended from the Insureds' standpoint. Accordingly, there is no

2

coverage for the replacement of undamaged roof shingles and other parts of the Property if there is no accidental direct physical loss.

11.     State Farm's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

12.     Plaintiffs are charged with knowing the terms and conditions of the Policy they purchased, and Plaintiffs have a duty to read their Policy.

13.     To the extent Plaintiffs have failed to satisfy their Duty to Cooperate and Defendant is prejudiced, coverage is barred or limited.

14.     Plaintiffs have the burden of segregating damages based on covered and uncovered losses under the Policy. To the extent that Plaintiffs fails to meet their burden of segregating the damage attributable solely to a loss covered under the Policy, such damages are not recoverable.

15.     Because the cause of loss reported is a hurricane, a weather event, Chapter 542A governs Plaintiffs' Prompt Payment of Claims demands for calculation of interest and attorney's fees.

16.     To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate loss, those damages are not recoverable.

17.     The Policy does not cover damages which occurred prior to Policy inception or after Policy expiration regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiffs complain of did not occur during the applicable policy period, the Policy provides no coverage for same.

3

18.     Upon information and belief, we understand that a claim for damage to the Property has been made previously during the applicable Policy year. To the extent that Plaintiffs' failure to take action to protect the Property and to mitigate the alleged damage to the residence arising from that claim caused or contributed to the damages observed, State Farm specifically denies any liability pursuant to the Policy.

19.     Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

20.     To the extent that all statutory and Policy requisites have not been satisfied, this suit is premature.

21.     State Farm specifically denies that it violated any of the Texas Insurance Code and Texas Deceptive Trade Practice Act provisions alleged by Plaintiffs, and that any of its alleged actions or omissions concerning Plaintiffs' claim were done knowingly, intentionally, or in bad faith. State Farm denies that it committed knowing or intentional wrongful conduct. There is no evidence of knowing or intentional wrongful conduct by State Farm that would support an award of punitive or exemplary damages.

22.     State Farm specifically denies liability for breach of contract for any of its alleged actions or omissions concerning Plaintiffs' claim submitted to State Farm.

23.     Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual Texas Insurance Code claims. Because Plaintiffs' allegations are generally based on State Farm's alleged failure to investigate the claim and pay policy benefits,

4

the existence of any applicable exclusions precludes Plaintiffs' extra-contractual, Texas Insurance Code claims.

24. State Farm specifically denies any misrepresentations were made to Plaintiffs in connection with the Policy or Plaintiffs' claim with State Farm.

25. State Farm specifically denies it breached the duty of good faith and fair dealing in connection with the handling of Plaintiffs' claim.

26. Plaintiffs' claims for violation of Chapter 542 of the Texas Insurance Code fail to the extent that State Farm met all statutory deadlines.

27. Defendant specifically denies that it acted with gross negligence or conscious indifference to Plaintiffs' rights, and denies that Plaintiffs are entitled to exemplary or punitive damages under any theory of law.

28. Defendant specifically denies that Plaintiffs sustained damages in the manner, amount, or to the extent alleged in Plaintiffs' Original Petition. Defendant denies that it is liable for any of the damages claimed, including but not limited to actual damages, consequential damages, treble damages, statutory penalties, attorney's fees, interest, exemplary damages, and mental anguish damages. Defendant further denies that any alleged damages were caused by any act or omission of Defendant.

29. With respect to Plaintiffs' claims for punitive and/or exemplary damages, State Farm invokes its rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. State Farm affirmatively pleads that Plaintiffs' claim for punitive or exemplary damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as:

a.   Punitive or exemplary damages can be assessed in an amount left to the discretion of the judge and jury;

b.   A jury award of punitive or exemplary damages need only be based on the vote of ten jurors and does not require a unanimous verdict.

c.   To obtain an award of punitive or exemplary damages, Plaintiffs need only prove their claims by a preponderance of the evidence standard and not beyond a reasonable doubt as should be required when punishment awards are assessed;

d.   State Farm and its officers, all of whom are subject to any award of punitive or exemplary damages, do not have the right to refuse to testify against themselves, but must in fact take the stand or give deposition testimony or subject the company to the consequences of a default judgment;

e.   The assessment of punitive or exemplary damages is not based on a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites of such a finding and, in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means, scope and limit of such awards, rendering such awards unduly vague and unsupportable under the requirements of due process; and

f.   In essence, State Farm is subject to all the hazards and risks of what amounts to a fine, and, in fact, such awards often exceed normal criminal fines, but State Farm receives none of the basic rights accorded to criminal defendants when they are subjected to possible criminal penalties.

30.   With respect to Plaintiffs' claims for exemplary damages, such request should be denied because it violates State Farm's equal protection rights guaranteed by the Fifth and

6

Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

31.     Any award of punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of the Texas Civil Practices & Remedies Code §§41.002-41.009.

32.     State Farm respectfully reserves the right to amend this Answer to Plaintiffs' allegations after it has had an opportunity to more closely investigate the claims, as is its right and privilege under the TEXAS RULES OF CIVIL PROCEDURE and the laws of the State of Texas.

## RULE 193 NOTICE

33.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs and their counsel are placed on notice that any and all documents produced by or on behalf of the Plaintiffs may be used at pretrial hearings and trial.

## RULE 167 DECLARATION THAT OFFER OF SETTLEMENT PROCEDURE MAY BE USED

34.     Pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE Section 42.002(c) and Rule 167.2(a) of the TEXAS RULES OF CIVIL PROCEDURE, Defendant State Farm files this declaration that the statutory offer of settlement procedure is invoked and available for use in this case for all monetary claims by and against Defendant State Farm Lloyds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, State Farm Lloyds, prays that it be released, discharged, and acquitted of all charges and allegations filed against it, that judgment

be rendered in its favor and against Plaintiffs, either prior to or at the conclusion of a trial of this matter, that Plaintiffs take nothing by reason of this suit, that State Farm recovers its actual damages, attorneys' fees and expenses, pre-judgment and post-judgment interest from Plaintiffs, and that it recover all costs of court, as well as all other such relief to which it is justly entitled at law and in equity.

Respectfully Submitted,

**DINSMORE & SHOHL LLP**


_/s/ Sarah Smith_
Sarah R. Smith
TBA No: 24056346
Ethan J. Thomas
TBA No: 24138343
600 Travis St., Suite 7350
Houston, Texas 77002
Phone: 346-293-7878
Fax:    346-293-7877
Sarah.Smith@dinsmore.com
Ethan.Thomas@dinsmore.com

**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 27th day of October, 2025.

Eric Walker
Brandon Arrow
THE LAWGICAL FIRM, P.A.
504 W. 38th Street
Austin, Texas 78705
_Attorneys for Plaintiffs_


_/s/ Sarah R. Smith_
Sarah R. Smith

8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronnette VanHoose on behalf of Sarah Smith
Bar No. 24056346
Ronnette.VanHoose@dinsmore.com
Envelope ID: 107301490
Filing Code Description: No Fee Documents
Filing Description: Defendant's Original Answer and Defenses to Plaintiffs' Original Petition
Status as of 10/27/2025 3:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Erik Walker | | servicetx@thelawgicalfirm.com | 10/27/2025 7:08:09 AM | SENT |
| Erik Walker | | servicetx@thelawgicalfirm.com | 10/27/2025 7:08:09 AM | SENT |
| Ronnette VanHoose | | Ronnette.Vanhoose@dinsmore.com | 10/27/2025 7:08:09 AM | SENT |
| Ethan J.Thomas | | Ethtan.Thomas@dinsmore.com | 10/27/2025 7:08:09 AM | SENT |
| Sarah R.Smith | | Sarah.Smith@dinsmore.com | 10/27/2025 7:08:09 AM | SENT |

[Z1B]



## 202572019 - GOMEZ, LUIS vs. STATE FARM LLOYDS (Court 333)

Print All 🖨 (non-financial)

**Chronological History**

| Summary | + |
|---|---|
| **Appeals** | + |
| **Cost Statements** | + |
| **Transfers** | + |
| **Post Trial Writs** | + |
| **Abstracts** | + |
| **Parties** | + |
| **Court Costs** | + |
| **Judgments/Events** | + |
| **Settings** | + |
| **Services/Notices** | + |
| **Court Registry** | + |
| **Child Support** | + |
| **Images** | − |

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**You may print and save uncertified copies of documents from the preview window.**

**Purchase Order**

🛒 ( 0 documents )

**Print List** 🖨

Reset Sort

| Image No. | Type | Title | Post Jdgm | Date | Pages | Add Entire Case 🛒 |
|---|---|---|---|---|---|---|
| 📄 123368905 | Filing | Defendant's Original Answer and Defenses to Plaintiffs' Original Petition | | 10/27/2025 | 9 | Add to Basket 🛒 |
| 📄 123015942 | Filing | Return of Service | | 10/06/2025 | 1 | Add to Basket 🛒 |
| 📄 122873635 | Filing | eIssue: Citation | | 09/29/2025 | 2 | Add to Basket 🛒 |
| 📄 122805772 | Filing | Plaintiffs Original Petition | | 09/24/2025 | 12 | Add to Basket 🛒 |
| -> 📄 122805773 | Filing | Exhibit A - Gomez | | 09/24/2025 | 7 | Add to Basket 🛒 |
| -> 📄 122805774 | Filing | Exhibit B - Gomez | | 09/24/2025 | 12 | Add to Basket 🛒 |